UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZACHARIAH TAUB ENGEBRETSON,<br><br>  Petitioner,<br>v.<br>U.S. ATTORNEY GENERAL,<br><br>  Respondent. | Case No. 2:20-cv-01351-RFB-EJY<br><br>**ORDER** |

Petitioner is a federal prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. His petition was filed in this court on July 21, 2020.

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires courts to make a preliminary review of each Petition for Writ of Habeas Corpus. Courts must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

In this case, Petitioner has named only the "U.S. Attorney General" as a Respondent. The petition indicates that Petitioner is incarcerated at the Nevada Southern Detention Center in Pahrump, Nevada. The Court is informed and believes that the warden at that facility is Brian Koehn.

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky,

1

410 U.S. 484, 494-495 (1973) (citation omitted). Where a prisoner files an action under section 2241, "'the prisoner must name the warden of the penitentiary where he is confined as a respondent.'" Allen v. State of Oregon, 153 F.3d 1046, 1050 (9th Cir. 1998) (quoting Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989)). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citations omitted). The local custodian, or warden of the penitentiary where a prisoner is confined, constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004); Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, because Petitioner has failed to name his custodian as the respondent, the petition in its current form is subject to dismissal for lack of jurisdiction. However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent," wherein Petitioner may name the proper respondent in this action.

Accordingly, Petitioner is granted **30 days** from the date of this order within which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 30th day of July, 2020.

_____
RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE